UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PARIS N.,

              Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.

CASE NO. 2:22-cv-00028-JRC

ORDER ON PLAINTIFF'S
COMPLAINT

       This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 11–15.

       Plaintiff is a 48-year-old man who was previously found disabled in September 2015 due to cancer of the tonsil and HIV. After conducting a continuing disability review, the agency determined that plaintiff's health had improved and he ceased being disabled on October 1, 2017. Plaintiff alleges he is still unable to work because he remains physically weak from his impairments and because of mental issues, but the Administrative Law Judge ("ALJ") affirmed

1   that plaintiff's disability ended on October 1, 2017 and that he has not become disabled since

2   then because he has the residual functional capacity ("RFC") to perform light exertional work.

3       In finding plaintiff not disabled, the ALJ properly (1) developed plaintiff's record, and

4   (2) evaluated the medical opinions of plaintiff's case managers and examining psychologist Dr.

5   David Widlan. For the reasons discussed below, the Court affirms the ALJ's decision in finding

6   plaintiff not disabled and dismisses the case with prejudice.

7                                   **PROCEDURAL HISTORY**

8       Plaintiff filed his application for supplemental security income benefits ("SSI") on

9   September 4, 2015 pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act, and

10  was found disabled due to the cancer in his left tonsil and HIV. Administrative Record ("AR")

11  18, 196, 239.  After conducting a continuing disability review, the agency determined plaintiff's

12  health had improved and he was no longer disabled as of October 1, 2017. AR 239. This

13  determination was upheld on reconsideration. AR 253–54. In October 2018, plaintiff's requested

14  hearing was held before Administrative Law Judge ("ALJ") Laura Valente with the assistance of

15  an interpreter. AR 96–107, 261–64. ALJ Valente was not able to finish the hearing after plaintiff

16  expressed that he wanted the assistance of an attorney. AR 99–107. A second hearing with ALJ

17  Valente was held in February 2019, but because plaintiff could not clearly hear the interpreter,

18  ALJ Valente again rescheduled plaintiff's hearing. AR 108–15. ALJ Valente held a third hearing

19  in June 2019 with the assistance of an interpreter, and issued a decision in December 2019

20  finding plaintiff not disabled. AR 116–29, 213–35.

21      In March 2020, the Appeals Council remanded ALJ Valente's decision for further

22  proceedings. AR 236–38. ALJ Virginia Robinson held a hearing in January 2021 with the

23  assistance of an interpreter over the phone, but was not able to finish because the interpreter was

24

1  disconnected. *See* AR 147–51. ALJ Robinson continued with plaintiff's hearing in April 2021

2  with the assistance of an interpreter, and issued a decision in June 2021 again finding plaintiff

3  not disabled. AR 15–43, 152–68. The Appeals Council denied plaintiff's request for review,

4  making the June 2021 written decision by the ALJ the final agency decision subject to judicial

5  review. AR 1–6; *see* 20 C.F.R. § 404.981. On January 12, 2022, plaintiff filed a complaint in this

6  Court seeking judicial review of the ALJ's June 2021 written decision. *See* Dkt. 5. Defendant

7  filed the sealed administrative record regarding this matter on March 21, 2022. *See* Dkt. 9.

8  **BACKGROUND**

9  Plaintiff was born in 1974 and was 43 years old when he was found no longer disabled.

10  *See* AR 34. Plaintiff has at least a high school education and worked previously as a

11  cosmetologist, though his earnings record does not show that he earned at a substantial gainful

12  activity. AR 37, 74, 121–23, 138, 205.

13  According to the ALJ, since October 1, 2017 plaintiff continued to have the severe

14  impairments of dysphagia and major depressive disorder. AR 21.

15  **STANDARD OF REVIEW**

16  Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

17  social security benefits if the ALJ's findings are based on legal error or not supported by

18  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

19  Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

20  **DISCUSSION**

21  In plaintiff's Opening Brief, plaintiff raises the following issues: (1) whether the ALJ

22  failed to develop the record, and (2) whether the ALJ failed to properly evaluate the medical

23  opinion evidence. *See* Dkt. 11 at 1.

24

## I.     Whether the ALJ Failed to Develop the Record

Plaintiff first contends that the ALJ failed to properly inform him of his right to representation and thus failed to follow the agency's directives in the Hearings, Appeals, and Litigation Manual ("HALLEX"). *See* Dkt. 11, pp. 3–6.

The Court first notes that HALLEX is a "purely internal" manual used by the Social Security Administration, and has no legal force. *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000) (holding that HALLEX is "does not carry the force and effect of law."); *see also Lockwood v. Commissioner Social Sec. Admin.*, 616 F.3d 1068, 1072 (9th Cir. 2010) ("HALLEX does not impose judicially enforceable duties on either the ALJ or this court.") (citations omitted). Thus, an ALJ's failure to comply with the manual does not necessarily warrant a remand.

Further, the record shows that after the agency had determined that plaintiff was no longer disabled, plaintiff received several notices with information about his right to representation and organizations that provide free legal services. *See* AR 214, 240, 254, 266, 269–72, 313, 373, 377–78. Moreover, prior to plaintiff's hearing in January 2021, an attorney from the agency's Seattle Office of Hearings and Operations ("OHO") called plaintiff and informed of him of his right to representation. *See* AR 369–70. The record shows that during the call, plaintiff confirmed that he understood that he had a right to representation and that he received literature with information about his right to representation and organizations that provide legal services. *See* AR 370.

Plaintiff points out that the notices were not translated into Vietnamese, his first language, and it is unclear whether the attorney from OHO had an interpreter. Dkt. 11, p. 3. But the record also shows that during plaintiff's hearings, the ALJ, with the assistance of an

1    interpreter, repeatedly informed him of his right to representation. AR 99–106, 134–35. For

2    example, when plaintiff appeared before ALJ Valente in October 2018, the ALJ told plaintiff to

3    consider hiring an attorney. *See* AR 102–04. After plaintiff decided that he would obtain an

4    attorney to help him with his case, the ALJ told him about organizations providing free legal

5    service. *See* AR 103–06. When plaintiff appeared before ALJ Valente again in February 2019,

6    ALJ Valente asked him if he was able to hire an attorney. AR 110. Plaintiff's interpreter replied

7    that plaintiff was not able to because "no one would accept his case." *Id*. ALJ Valente then asked

8    plaintiff if he would represent himself, to which plaintiff replied, "Yes." AR 111. Finally, during

9    the January 2021 hearing, ALJ Robinson asked plaintiff if he understood his right to have a

10   representative and if he wanted to go forward without one. *See* AR 135. To both questions,

11   plaintiff replied in the affirmative. *See id*.

12          In sum, the record shows plaintiff was reasonably and properly informed on several

13   occasions of his right to representation, thus plaintiff's first argument fails.

14          Plaintiff also contends the ALJ failed to develop the record because it is unclear whether

15   plaintiff was limited by dementia, as suggested by Dr. Widlan in plaintiff's evaluation. *See* Dkt.

16   11, p. 6–7; AR 845.

17          The ALJ "has an independent 'duty to fully and fairly develop the record and to assure

18   that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th

19   Cir. 2001) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (*quoting Brown v.

20   Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))). "The ALJ's duty to supplement a

21   claimant's record is triggered by ambiguous evidence, the ALJ's own finding that the record is

22   inadequate or the ALJ's reliance on an expert's conclusion that the evidence is

23   ambiguous." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (citing *Tonapetyan*, 242 F.3d

24

at 1150). However, the ALJ's duty to develop the record cannot be used to shift the burden of proving disability to the ALJ. *See Mays v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001) (noting it is the claimant's "duty to prove she was disabled" and she cannot "shift her own burden" to the ALJ by virtue of the ALJ's duty to develop the record). It is the claimant who is "responsible for providing the evidence used to make the RFC determination" and for ultimately proving she is disabled. *Gray v. Comm'r. of Soc. Sec. Admin.*, 365 Fed.Appx. 60, 63 (9th Cir. 2010); 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); 20 C.F.R. § 404.1512 ("In general, you have to prove to us that you are blind or disabled. You must inform us about or submit all evidence known to you that relates to whether or not you are blind or disabled.").

Here, plaintiff's record was neither ambiguous nor inadequate such that the ALJ could not properly determine whether plaintiff had dementia or evaluate Dr. Widlan's opinion. The ALJ noted that there was no support for a diagnosis of dementia, and that plaintiff consistently presented fully alert and oriented, logical with normal thought process and content, and with fair and normal memory. *See* AR 28. Further, as discussed below, Dr. Widlan himself found that it was likely that plaintiff was exaggerating his symptoms. *See* AR 845. More importantly, plaintiff has not cited to any evidence showing why this issue must be further developed. Thus, plaintiff has not established that the ALJ erred by failing to further develop the record. *See Coleman v. Colvin*, 524 Fed. Appx. 325, 326 (9th Cir. 2013) ("the ALJ had no duty to develop the record" where the claimant "failed to present any evidence of signs or laboratory findings establishing [the claimant] suffered from a mental impairment").

///

1    **II.      Whether the ALJ Failed to Properly Evaluate Medical Opinion Evidence**

2         Plaintiff contends the ALJ erred in evaluating the medical opinions of (1) plaintiff's case

3    managers, Angelina Lee and Bao-my Luong, and (2) examining psychologist Dr. David Widlan.

4    *See* Dkt. 11, pp. 7–14.

5         Plaintiff filed his application before March 27, 2017. AR 18, 65. For claims filed before

6    March 27, 2017, the ALJ must provide "clear and convincing" reasons for rejecting the

7    uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v.*

8    *Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.

9    1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining

10   physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate

11   reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31

12   (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d

13   499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough

14   summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and

15   making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v.*

16   *Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). In addition, there are "other sources" such as nurse

17   practitioners, therapists, and counselors, who are considered other medical sources. S*ee* 20

18   C.F.R. § 404.1513(d)(1). *See also Turner v. Comm'r of Soc. Sec.,* 613 F.3d 1217, 1223–24 (9th

19   Cir. 2010); SSR 06–3p. Evidence from "other medical sources" may be discounted if, as with

20   evidence from lay witnesses in general, the ALJ "gives reasons germane to each [source] for

21   doing so." *Molina v. Astru*e, 674 F.3d 1104, 1111 (9th Cir. 2012) (citations omitted).

22        The Commissioner points out that in her decision, the ALJ cited to the new regulations

23   applicable for claims filed *after* March 27, 2017. *See* Dkt. 15, p. 11, n.2; AR 20, 26; 20 C.F.R. §

24

1   416.920c. The ALJ seemed to have evaluated the medical opinions using the new regulations as

2   well, but the Court finds this error harmless, because as discussed below, when analyzed under

3   the old regulations, the ALJ's finding of nondisability is nonetheless supported by substantial

4   evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (holding that an error is

5   harmless if it is "inconsequential to the ALJ's ultimate nondisability determination.")

6   **A. Case Managers Angelina Lee and Bao-my Luong**

7   In October 2017, Case Manager Lee assessed plaintiff and found that he "needs constant

8   supervision and assistance due to being HIV+ and diagnosed with tonsil cancer." AR 834. In

9   November 2020, Case Manager Luong assessed plaintiff and also found that he "needs constant

10  supervision and assistance due to being HIV+ and history of tonsillar cancer." AR 1477.

11  The opinions of plaintiff's case managers are considered those of an "other source." *See*

12  20 C.F.R. § 404.1513 (d). *See also Turner*, 613 F.3d at 1223-24 (*citing* 20 C.F.R. § 404.1513(a),

13  (d)); SSR 06-3p. Thus, the ALJ need only give "germane reasons" to disregard their opinions.

14  *Turner,* 613 F.3d at 1224 (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also*

15  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

16  In this case, the ALJ discounted both opinions because they were inconsistent with (1)

17  plaintiff's medical record and (2) plaintiff's activities of daily living. AR 33.

18  With respect to the ALJ's first reason, an ALJ may reject lay witness testimony if it is

19  inconsistent with the overall medical evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218

20  (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Here, the ALJ identified

21  treatment notes showing plaintiff's cancer was treated successfully and that his HIV was

22  asymptomatic. *See* AR 33. The record shows that plaintiff's cancer had been treated in October

23  2015, and treatment notes from his laryngoscopy and neck and chest scans showed no evidence

24

1    of recurrence. *See* AR 900, 913, 920, 932, 935–36, 944, 1471–72. Treatment notes also show

2    plaintiff's HIV status was "stable" and "very well controlled," and plaintiff's new complaints

3    were mostly about his dry mouth. AR 517, 918, 1535. Given that these treatment notes show

4    plaintiff's cancer had been treated and his HIV was managed well, in citing them to discount the

5    opinions of plaintiff's case managers, the ALJ has provided a germane reason and did not err.

6         Because the ALJ has provided at least one valid reason to discount their opinions, the

7    Court need not further assess whether the other reasons offered by the ALJ in discounting their

8    opinions are erroneous. Even if they were insufficient, any error would be harmless. *See*

9    *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an

10   erroneous reason among other reasons to discount a claimant's credibility does not negate the

11   validity of the overall credibility determination and is at most harmless error where an ALJ

12   provides other reasons that are supported by substantial evidence).

13        **B.  Dr. Widlan**

14        Dr. David Widlan evaluated plaintiff in October 2017 by conducting a clinical interview

15   and a mental status examination with assistance from an interpreter, and reviewing plaintiff's

16   records from September 2016 through March 2017. *See* AR 841–45. Dr. Widlan opined that the

17   mental status examination indicated plaintiff is "not cognitively able to accept instruction from a

18   supervisor, nor is he able to persist with adequate pace," and that he is "not able to negotiate

19   simple social stressors." AR 845. The ALJ discounted Dr. Widlan's findings and declined to

20   provided more restrictive mental limitations because Dr. Widlan himself found that plaintiff (1)

21   "likely exaggerated his symptoms to some extent at the evaluation," and (2) "failed to present a

22   clear diagnostic picture for Dr. Widlan to determine the claimant's residual functional capacity."

23   *See* AR 33, 845

24

An ALJ may reject the opinion of an examining doctor when the claimant puts forth poor effort and exaggerates symptoms during examinations. *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). Here, the ALJ pointed to Dr. Widlan's own observations that "[i]n all likelihood [plaintiff] exhibited some symptom exaggeration regarding cognitive functioning," that "he has likely exaggerated his symptoms to some extent." *See* AR 845. Given that Dr. Widlan himself found plaintiff to be likely exaggerating his symptoms, the ALJ could reasonably reject his opinion. As this is a valid reason and it is supported by substantial evidence, the Court need not address whether the other reason offered by the ALJ is erroneous. As stated above, even if that reason was erroneous, such error would be considered harmless. *See Carmickle*, 533 F.3d at 1162 (9th Cir. 2008).

## CONCLUSION

For the foregoing reasons, the court AFFIRMS the Commissioner's final and DISMISSES this case with prejudice.

Dated this 26th day of October, 2022.

J. Richard Creatura
Chief United States Magistrate Judge